Chen v. Sessions

BIA
Hom, IJ
A200 919 329

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand eighteen.

PRESENT:
>        RALPH K. WINTER,
>        ROSEMARY S. POOLER,
>        DEBRA ANN LIVINGSTON,
>            *Circuit Judges.*

_____

XIAN YING CHEN,
>        *Petitioner*,

>        v.                                          16-3124
>                                                      NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          G. Victoria Calle, Calle & Associates, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Matt A. Crapo, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xian Ying Chen, a native and citizen of the People's Republic of China, seeks review of an August 12, 2016, decision of the BIA affirming an August 5, 2015, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Ying Chen,* No. A200 919 329 (B.I.A. Aug. 12, 2016), *aff'g* No. A200 919 329 (Immig. Ct. N.Y. City Aug. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA and thus reach only the agency's ruling that Chen failed to meet her burden of proof. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An asylum applicant has the burden of proving eligibility for relief. 8 U.S.C. § 1158(b)(1)(B)(i). While

2

an applicant can meet her burden of proof by credible testimony alone in some circumstances, an IJ "may weigh the credible testimony along with other evidence of record." *Id.* § 1158(b)(1)(B)(ii). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.*; *see Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met [her] burden of proof."). We cannot reverse the agency's corroboration finding unless a reasonable trier of fact would be "compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Chen admitted that she had no documentary evidence to support her claim and that she did not try to obtain any such evidence. The agency reasonably concluded that Chen failed to show that the evidence was unavailable because Chen conceded that she made no attempt to obtain any medical records. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), (ii), 1252(b)(4).

Chen speculates that records may not exist, asserting that no court or government report has ever noted the existence of documentary proof of a forced abortion under China's family planning policy. Her conjecture does not and would not compel a reasonable trier of fact to conclude that no medical evidence is available. *See* 8 U.S.C. § 1252(b)(4). Nor does it explain why she failed to produce records to support the other facets of her claim such as the IUD requirement or routine IUD and pregnancy checks.

Chen nevertheless argues that the supporting statement from her mother was sufficient to sustain her corroborate her testimony. The agency reasonably gave little weight to Chen's mother's letter given that it was "unsworn and submitted by an interested witness." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's weighing of letter from family member in China).

Chen's failure to meet her burden of proof as to her allegation of past persecution is dispositive of her claims for asylum, withholding of removal, and CAT relief because all three claims relied solely on that allegation. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk